UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| FRANCES MCINTIRE-FREEMAN heir to FRANCIS M. BOYD, deceased,<br>   *Plaintiff,*<br><br>v.<br><br>**DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR MORGAN STANLEY DEAN WITTER CAPITAL 1 INC. TRUST 2006-NC2, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-NC-2; AND SPECIALIZED LOAN SERVICING LLC,**<br><br>   *Defendants.* | Civil Action No. 4:21-CV-02424 |

**DEFENDANTS' RESPONSE TO MOTION FOR RELIEF
FROM JUDGMENT AND REQUEST FOR ORAL ARGUMENT**
(Related to Docket No. 25)

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COME NOW Defendants DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR MORGAN STANLEY DEAN WITTER CAPITAL 1 INC. TRUST 2006-NC2, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-NC-2 ("DB") and SPECIALIZED LOAN SERVICING LLC ("SLS" and together with DB, collectively, "Defendants") and files its Response to the Motion for Relief from Judgment filed by Brandy Alexander ("Alexander") at Docket Entry 25, and respectfully show the Court as follows:

**Defendants hereby request an oral hearing on this matter.**

1

## I.
## BACKGROUND AND PROCEDURAL HISTORY

1.      This lawsuit filed by Plaintiff Frances McIntire-Freeman as "heir to Francis M. Boyd, deceased" (hereinafter "Plaintiff") is a perfect example of frivolous litigation filed solely to prejudice and delay the mortgagee's efforts to liquidate a severely defaulted mortgage. Despite multiple demands from Defendants' counsel to Plaintiff's counsel to dismiss this meritless litigation, both Plaintiff and her former counsel, Alexander, refused, and, in fact, Plaintiff's counsel NEVER should have filed this suit in the manner in which she filed it because Plaintiff is not a representative of the borrower's Estate, and no probate was opened.  Instead, Plaintiff and Alexander continued prosecution of these meritless claims thereby prejudicing Defendants. Now, Alexander seeks to void this Court's proper and lawful Final Summary Judgment which, in part, awards reasonable and necessary attorneys' fees jointly and severally from Plaintiff and Alexander.

2.      As the Court recalls, Plaintiff is not the borrower under the subject mortgage. Instead, Plaintiff's deceased mother was the borrower. The borrower, Frances M. Boyd, passed away on January 9, 2013. At the time Defendants foreclosed on July 6, 2021, the subject mortgage was contractually due for the November 1, 2014 monthly payment and all subsequent payments due thereafter. Neither Plaintiff nor Alexander had any basis in law or fact to file this suit against Defendants. In fact, this lawsuit was filed on the heels of FOUR unsuccessful bankruptcy filings in the Southern District of Texas Houston Division.

3.      After sending all requisite notices of default required by applicable law and the loan documents, DB obtained an order on October 18, 2018 under Tex. R. Civ. P. 736 allowing it to proceed with foreclosure of the Property. Following Plaintiff's unsuccessful bankruptcy attempts, DB lawfully posted the Property for the July 6, 2021 foreclosure sale. In a further

vexatious attempt to thwart Defendants' foreclosure efforts, Plaintiff, through the assistance of Alexander, filed the instant lawsuit in state court on July 5, 2021. Plaintiff's lawsuit, however, did not effectuate an automatic stay under Tex. R. Civ. P. 736.11 as Plaintiff is not a "respondent" as defined by the Rule.[1]  DB lawfully proceeded with the July 6, 2021 foreclosure sale, where the Property was purchased by third-party purchaser W7 Homes, LLC with its winning bid of $118,500.

4. On July 23, 2021, Defendants filed their Original Answer and Counterclaim seeking recovery of their reasonable and necessary attorneys' fees.[2]  Defendants' Counterclaim was based, in part, on the contractual provisions of the Note and Deed of Trust in addition to Tex. Civ. Prac. & Rem. Code § 9.011 and § 10.001. Defendants subsequently removed the lawsuit to this Court [Docket No. 1].

5. On November 16, 2021, Defendants filed their Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) and Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56 [Docket No. 12]. Defendants properly served the Motion to Dismiss and Motion for Summary Judgment on Plaintiff through Plaintiff's counsel by the Court's case management/electronic case filing system.  Alexander does not deny receiving proper service of Defendants' Motion to Dismiss and Motion for Summary Judgment. Defendants' Motion to Dismiss and Motion for Summary Judgment clearly seek recovery of their reasonable and necessary attorneys' fees "jointly and severally from Plaintiff and her counsel through the date of Final Summary Judgment" [Docket No. 12, ¶ 68].

---

[1] Under Tex. R. Civ. P. 736.1(d)(1)(B)(i), a "respondent" is defined as "each person obligated to pay the loan agreement, contract, or lien sought to be foreclosed, and each mortgagor, if any, of the loan agreement, contract, or lien sought to be foreclosed."
[2] *See* **Exhibit A**.

6. On November 18, 2021, the Court entered its Scheduling Order, which included, in part, a docket call to be held on October 3, 2022 [Docket No. 14].

7. Neither Plaintiff nor Alexander filed a Response in opposition to Defendants' Motion to Dismiss and Motion for Summary Judgment. Instead, Alexander filed a Motion for Leave to Withdraw as Counsel [Docket No. 15]. Alexander's Motion to Withdraw as Counsel acknowledges that a Response to the Motion for Summary Judgment was due by December 7, 2021, yet Alexander failed to file any Response despite Defendants seeking recovery of attorneys' fees <u>directly from Alexander</u>.

8. On September 26, 2022, the Court reset docket call to October 6, 2022 [Docket No. 20]. On October 6, 2022, Defendants' counsel and *pro se* Plaintiff appeared for docket call telephonically. Alexander did not appear despite having received Defendants' Motion. At docket call, the Court addressed Defendants' Motion and granted Defendants' Motion to Dismiss and Motion for Summary Judgment, which at that point had been pending for nearly one year with no formal or written opposition from either Plaintiff or Alexander. The Court instructed the undersigned to submit a proposed Judgment conforming with the Court's ruling granting the Motion in full.

9. On October 6, 2022, the Court entered Final Summary Judgment, finding that Plaintiff take nothing on her claims and causes of action against Defendants [Docket No. 23]. The Court likewise awarded Defendants' attorneys' fees and costs jointly and severally from Plaintiff and Alexander pursuant to the relief Defendants requested in Defendants' Motion. Pursuant to the Court's Final Summary Judgment, the Court confirmed that Plaintiff's claims against Defendants lack merit, are not well-researched, are frivolous, and are brought only for the purpose of delay. Thus, the Court rightfully found that Defendants are entitled to recover

reasonable and necessary attorneys' fees and costs as a matter of law. Plaintiff's and/or Alexander's deadline to file an appeal of the Final Summary Judgment has long passed. The Judgment is final.[3]

10. On December 27, 2022, Defendants properly recorded an Abstract of Judgment relating to the Court's award of attorneys' fees and costs against Plaintiff and Alexander in the Harris County Real Property Records.[4]

11. On January 5, 2023, the undersigned counsel contacted Alexander by e-mail regarding the Final Summary Judgment and inquired about payment of the properly abstracted fee award due joint and severally from both Plaintiff and Alexander.[5] Alexander failed to satisfy the Judgment. On March 6, 2023, Defendants served Post-Judgment Interrogatories, Requests for Production, and Requests for Admission on Alexander.[6]

12. Unscrupulously claiming "surprise" and alleging the Final Summary Judgment is "void," Alexander filed her Motion for Relief from Judgment pursuant to Fed. R. Civ. P. 60 on March 21, 2023 [Docket No. 25] in a clear attempt to avoid post-judgment discovery. Much like Plaintiff's Original Petition and First Amended Complaint, Alexander's instant Motion is meritless and poorly researched, and the Court should deny the Motion. There is no basis in law, fact, or equity to vacate the Court's Final Summary Judgment. Alexander's Motion is untimely and filed for the sole purpose of further prejudicing Defendants and their counsel.

---

[3] Fed. R. App. P. 4(a)(1) ("In a civil case . . . the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after entry of the judgment or order appealed from.").
[4] *See* **Exhibit B**.
[5] *See* **Exhibit C**.
[6] *See* **Exhibit D**.

## II.
## ARGUMENT & AUTHORITIES

**A. ALEXANDER'S REQUEST UNDER RULE 60 IS UNTIMELY.**

13. A motion under Rule 60(b)(6) must be made "within a reasonable time," Fed. R. Civ. P. 60(c)(1), "unless good cause can be shown for the delay."[7] Reasonableness turns on the "particular facts and circumstances of the case."[8] The Court considers "whether the party opposing the motion has been prejudiced by the delay in seeking relief and . . . whether the moving party had some good reason for his failure to take appropriate action sooner."[9]

14. Here, Alexander's Rule 60 Motion was filed over five (5) months after entry of Final Summary Judgment. Despite any allegation that Alexander was "unaware" of the existence of the Final Summary Judgment awarding fees jointly and severally from Plaintiff and Alexander, Alexander was at the very least on notice of the Final Summary Judgment on January 5, 2023, when the undersigned inquired about the status of payment in satisfaction of the Judgment.[10] Even taking Alexander's allegation as true, Alexander inexplicably waited nearly three (3) months following the e-mail from the undersigned to file her Rule 60 Motion. In her Motion, Alexander offers no reason for the prejudicial delay in seeking relief under Rule 60.

15. It is clear, however, Alexander only filed the instant Motion seeking relief from the Final Summary Judgment after Defendants began pursuing collection remedies through post-

---

[7] *In re Osborne*, 379 F.3d 277, 283 (5th Cir. 2004) (citing *Pryor v. U.S. Postal Serv.*, 769 F.2d 281, 287-88 (5th Cir. 1985)).
[8] *Travelers Ins. Co. v. Liljeberg Enters., Inc.*, 38 F.3d 1404, 1410 (5th Cir. 1994) (citing *First RepublicBank Fort Worth v. Norglass, Inc.*, 958 F.2d 117, 119 (5th Cir. 1992)); *see also Ashford v. Steuart*, 657 F.2d 1053, 1055 (9th Cir. 1981) (per curiam) ("What constitutes 'reasonable time' depends upon the facts of each case, taking into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to other parties.").
[9] *Lairsey v. Advance Abrasives Co.*, 542 F.2d 928, 930 (5th Cir. 1976) (quoting 11 WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE § 2866, at 228-29). "[T]imeliness ... is measured as of the point in time when the moving party has grounds to make [a Rule 60(b)] motion, regardless of the time that has elapsed since the entry of judgment"; *First RepublicBank*, 958 F.2d at 120.
[10] *See* **Exhibit C**.

judgment discovery in order to collect on the Judgment. Considering the facts and circumstances of this case, Alexander's Rule 60 Motion is unreasonably untimely, and the Court should deny the Motion on these grounds.

### B. ALEXANDER FAILS TO ESTABLISH MISTAKE, INADVERTENCE, SURPRISE OR EXCUSABLE NEGLECT.

16. Rule 60(b)(1) provides that a court "may relieve a party or its legal representative from a final judgment, order, or proceeding" on the grounds of "mistake, inadvertence, surprise, or excusable neglect."[11] While not entirely clear, it appears the alleged "mistake" or "excusable neglect" asserted by Alexander is the mistaken belief that her responsibility to file a Response in opposition to Defendants' request for an award of attorneys' fees directly from Alexander was absolved from the Court's Order permitting Alexander withdrawing as counsel on behalf of Plaintiff.

17. A district court does not abuse its discretion in denying a Rule 60(b)(1) Motion where the proffered justification for relief is the careless mistake of counsel.[12] "In fact, a court *would* abuse its discretion if it were to reopen a case under Rule 60(b)(1) when the reason asserted as justifying relief is one attributable solely to counsel's carelessness with or misapprehension of the law or the applicable rules of court."[13]

18. Here, Alexander vaguely asserts mistake, inadvertence, surprise, and excusable neglect based on the alleged lack of notice of a hearing on Defendants' Motion to Dismiss and Motion for Summary Judgment, but it was not even a summary judgment hearing that this Court heard. It was this Court's Docket Call where the Court addressed the Motion for Summary Judgment and Motion to Dismiss and ultimately granted the Motion. Alexander proffers no

---

[11] Fed. R. Civ. P. 60(b)(1).
[12] *See Edward H. Cohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 356-57 (5th Cir. 1993).
[13] *Id*. at 357 (emphasis added); *see also Buckmire v. Mem'l Hermann Healthcare Sys. Inc.*, 456 Fed. Appx. 431, 432 (5tt Cir. 2012).

7

justification for her failure to file a Response in opposition to Defendants' efforts to seek recovery of fees directly from Alexander. Any assertion that Alexander's failure to file a Response was based on the mistaken belief that a Response on her own behalf was not necessary as a result of her withdrawal as counsel for Plaintiff does just satisfy Rule 60 standards.

19. There is no justifiable "mistake, inadvertence, surprise, or excusable neglect" justifying relief from the Final Judgment pursuant to Rule 60(b)(1), and the Court should deny Alexander's Motion on these grounds.

**C. THE FINAL SUMMARY JUDGMENT IS NOT VOID FOR VIOLATION OF DUE PROCESS.**

20. A judgment is void "only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law."[14] There is no dispute that this Court had both subject matter and personal jurisdiction to render the Final Summary Judgment in Defendants' favor. Instead, Alexander claims the Final Judgment is void based on alleged lack of notice of hearing.

21. "Ordinarily all that due process requires in a civil case is proper notice and service of process and a court of competent jurisdiction; procedural irregularities during the course of a civil case, even serious ones, will not subject the judgment to collateral attack."[15] When a motion is based on a void judgment under Rule 60(b)(4), the court has no discretion – the judgment is either void or it is not.[16] Here, however, the Judgment is NOT void.

22. Alexander is not entitled to relief from the Final Judgment under Rule 60(b)(4). The Final Judgment is not void for want of due process because Defendants properly served the

---

[14] *Williams v. New Orleans Public Serv., Inc.*, 728 F.2d 730, 735 (5th Cir. 1984) (citing 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2862 (1973)).
[15] *Fehlhaber v. Fehlhaber*, 681 F.2d 1015, 1027 (5th Cir. 1982), *cert. denied*, 464 U.S. 818, 78 L. Ed. 2d 90, 104 S. Ct. 79 (1983).
[16] *Recreational Properties, Inc. v. Southwest Mortg. Service Corp.*, 804 F.2d 311 (5th Cir. 1986).

Motion to Dismiss and Motion for Summary Judgment in accordance with the Rules.[17] In fact, Alexander does not deny receiving proper service of the Motion to Dismiss and Motion for Summary Judgment and acknowledged that a Response was due at the time of her withdrawal. The Motion to Dismiss and Motion for Summary Judgment facially seek recovery directly from Alexander based on her malfeasance in this case. The Court cannot hold Defendants responsible for Alexander's inactions and lack of due diligence when Defendants complied with applicable law in serving the Motion to Dismiss and Motion for Summary Judgment on Plaintiff and her counsel, Alexander.

23. Alexander only claims she was deprived of due process because she did not receive notice of a hearing on Defendants' Motion to Dismiss and Motion for Summary Judgment. Alexander, however, fails to acknowledge that dispositive motions in federal court are rarely set for oral argument. Instead, such Motions and related Response deadlines are governed by the Federal Rules of Civil Procedure and are often ruled on by the Court without hearing. Alexander's assertion that she was deprived of the "opportunity to be heard" is of no moment. Defendants served Alexander with the Motion, and she failed to file a Response for herself or for Plaintiff. The Final Summary Judgment is not void for this reason, and the Court should deny Alexander's Motion on these grounds.

### D. ALLEGED "GRAVE MISCARRIAGE OF JUSTICE" IS NOT A RECOGNIZED BASIS FOR RELIEF UNDER RULE 60.

24. In a last-ditch effort at avoiding liability under Defendants' valid Final Summary Judgment, Alexander claims this Court's Judgment is a "grave miscarriage of her due process and justice." Alleged grave miscarriage of justice is not a specified basis for relief under Rule 60. To the extent Alexander bases this request under Rule 60(b)(6) as "any other reason that justifies

---

[17] *See* Fed. R. Civ. P. 5(2)(E).

9

relief, the "catch-all clause of Rule 60(b)(6) cannot be invoked when relief is sought under one of the other grounds enumerated under Rule 60."[18]  Further, Alexander wants this Court to complete absolve her of liability despite filing a frivolous lawsuit that she knew or should have known had zero merit even before she filed the lawsuit on Plaintiff's behalf.  Plaintiff's counsel should have known better and, when pressed, Plaintiff's counsel refused to dispose of this litigation, and when faced with a dispositive motion to which there is no legitimate defense, Alexander chose to withdraw from representation as opposed to do her ethical duty and rightfully dispose of this litigation.  The Court must deny Alexander's Motion on these grounds.

### III.
### REQUEST FOR ORAL ARGUMENT

25.     Defendants respectfully request that the Court set Alexander's Motion for Relief from Judgment for oral argument.  An oral hearing could be beneficial to aid the Court in answering any questions the Court may have regarding the relief Alexander seeks and Defendants defenses to Alexander's Motion.

### IV.
### PRAYER

WHEREFORE, Defendants respectfully request that the Court (i) deny Alexander's Motion for Relief from Judgment, (ii) set this Motion for oral hearing, (iii) award attorneys' fees to Defendants for being forced to respond to Alexander's Motion, and (iv) grant Defendants such other and further relief at law, and in equity, as is just.

                                    Respectfully submitted,

                                      //s// Branch M. Sheppard
                                    BRANCH M. SHEPPARD
                                    Texas State Bar No. 24033057
                                    bsheppard@gallowaylawfirm.com

---

[18] *Hess v. Cockrell*, 281 F.3d 212, 215 (5th Cir. 2002) (quotation marks omitted).


OF COUNSEL:

GALLOWAY JOHNSON TOMPKINS BURR & SMITH
A Professional Law Corporation

ANNAROSE M. HARDING
Texas State Bar No. 24071438
aharding@gallowaylawfirm.com
1301 McKinney, Suite 1400
Houston, Texas 77010
(713) 599-0700 (Telephone)
(713) 599-0777 (Facsimile)
**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing the above and foregoing instrument was served on all parties of record on April 4, 2023, as follows:

**_VIA CM/ECF_**
BRANDY M. ALEXANDER
ALEXANDER LAW, PLLC
2502 LA BRANCH ST.
HOUSTON, TX 77004

                                    //s// Branch M. Sheppard
                                    Branch M. Sheppard